NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FORSYTH COUNTY     2015 FEB 25 A 11: 33     15 CvS 852

FORSYTH COUNTY, C.S.C.
BY BCH

DENISE PATTERSON,

        Plaintiff,

vs.

NOVANT HEALTH, INC.,

        Defendant.

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, through undersigned counsel, and submits this Complaint and Demand for Jury Trial:

## PARTIES & JURISDICTION

1. Plaintiff Denise Patterson (hereinafter "Plaintiff"), is a citizen and resident of Winston Salem, Forsyth County, North Carolina.

2. Defendant Novant Health, Inc. (hereinafter "Defendant"), is a corporation registered to do business in North Carolina with its principal place of business in Winston Salem, Forsyth County, North Carolina.

3. Plaintiff timely filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act of 1991 ("ADA"), as amended.

4. The EEOC dismissed Plaintiff's charge and issued her a right to sue letter, which letter was received on or around November 9, 2014.

5. At all times relevant to this Complaint, Defendant employed more than fifteen (15) employees and is an "Employer" within the meaning of the ADA.

6. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for the Defendant approximately eighteen (18) years before taking a short leave of absence and returning in May, 2008.

8. Plaintiff's job title at times relevant to this Complaint was Patient Service Coordinator 3.

9. Plaintiff's job duties were primarily secretarial and she worked alongside two (2) other receptionists.

10. On or around February 25, 2011, Plaintiff was diagnosed with an aggressive form of cancer.

11. Plaintiff was forced to undergo five (5) rounds of chemotherapy and surgery to combat her cancer.

12. The chemotherapy treatments left Plaintiff fatigued and nauseas, making work impossible for Plaintiff for a period of time.

13. Prior to Plaintiff's leave of absence, other employees had been asked to fill in for one of the two (2) other receptionists that worked with the Plaintiff when they took leaves of absence.

14. Plaintiff was never aware that any hardship was created when one of the other receptionists took a leave of absence.

15. Upon information and belief, Plaintiff does not think the Defendant asked any other individual to fill in for the Plaintiff while Plaintiff was on a leave of absence as Defendant did for other individuals who took leaves of absence.

2

16. Plaintiff began a leave of absence around April, 2011, wherein she applied for and received protected leave under the FMLA.

17. Defendant maintains a policy that allows individuals to take an additional twelve weeks, up to six (6) months of total leave time, before their employment will be terminated with the company.

18. Because of Plaintiff's condition, she was required to exhaust her twelve (12) weeks of FMLA and take the additional twelve (12) weeks of leave time offered by the Defendant.

19. During Plaintiff's absence, she kept the Defendant updated as to her condition and her expected return date to work.

20. On or around September 2, 2011, Defendant mailed to Plaintiff a letter informing her that her employment will end on 9/31/11 [sic] if she does not return to work by that date.

21. Plaintiff consulted with her doctors and provided information to her employer that she would be cleared to return to work on the first day of October, 2011.

22. Despite Plaintiff informing her employer of this, Plaintiff's employment was terminated on September 30, 2011.

23. Plaintiff is informed and believes that other employees, including one employee named Mike Walker, have been allowed to take longer than a total of six (6) months of leave time.

24. Before her termination, Plaintiff had asked the Defendant if there were any options other than the termination of her employment and was told, "It's okay if you're fired. You can always reapply."

3

Case 1:15-cv-00329-LCB-JEP Document 2 Filed 04/20/15 Page 3 of 5

## FIRST CAUSE OF ACTION
(Disability Discrimination)

25. Plaintiff realleges paragraphs 1 through 24 of the Complaint as if restated word for word herein.

26. In February, 2011, Plaintiff was diagnosed with an aggressive form of breast cancer.

27. Because of Plaintiff's cancer, she was limited in her ability to work and was greatly fatigued and nauseated by the treatment.

28. Throughout the course of her illness, Plaintiff kept the Defendant apprised of her cancer and the timeline that she expected to be out of work.

29. Plaintiff was aware of the Defendant's policies regarding leave time and, upon being told that she needed to return by September 31 [sic], 2011, Plaintiff informed the Defendant that she would be released to return by October 1.

30. Before her termination, Plaintiff had requested if there was anything else to be done besides terminate her employment and was told that it was okay and she could always reapply.

31. Plaintiff is informed and believes that, among other potential accommodations, Plaintiff could have been allowed a single day of leave before coming back to work, which accommodation was denied.

32. Plaintiff is also informed and believes that her employment was terminated because of her disability.

33. As a direct and proximate cause of the actions of the Defendant, Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays to the Court as follows:

1. That the Plaintiff have and recover of the Defendant compensatory, liquidated and other damages to compensate fully the Plaintiff for her financial and other loss, which damages are in excess of $10,000.00, together with such interest thereon as may be allowed by law;

2. That the Court award reasonable attorney's fees incurred by the Plaintiff herein;

3. That the Plaintiff recover her costs;

4. That all issues raised by the pleadings be tried by a jury; and

5. For such other and further relief as to the Court may seem just and proper.

This the 24th day of February, 2015.

Daniel C. Nash
Attorney for Plaintiff
North Carolina State Bar No. 41816
Morgan, Herring, Morgan,
Green & Rosenblutt, L.L.P.
P.O. Box 2756
High Point, N.C. 27261
(336) 883-6177

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised by the pleadings in this action.

Daniel C. Nash
Attorney for Plaintiff

5